**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID HAMILTON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> W. MICHAEL BARNES; et al., <br><br> Defendants-Appellees. | No. 18-16953 <br><br> D.C. No. 4:15-cv-01890-YGR <br><br> MEMORANDUM[*] |
| JAKE HA, derivatively and on behalf of himself and all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOHN E. CALDWELL; et al., <br><br> Defendants-Appellees. | No. 18-17005 <br><br> D.C. No. 4:15-cv-04485-YGR |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 7, 2020
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel

Before: PAEZ and BEA, Circuit Judges, and ADELMAN,** District Judge.

David Hamilton (18-16953) and Jake Ha (18-17005) appeal the district court's dismissal of their Delaware-law shareholder derivative actions against Advanced Micro Devices, Inc. ("AMD") as a nominal party and certain of its directors and officers ("Defendants"). We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision.[1]

"As required by precedent, we review for abuse of discretion the district court's ruling dismissing this shareholder derivative suit on the ground of failure to show demand futility." *Rosenbloom v. Pyott*, 765 F.3d 1137, 1147 (9th Cir. 2014) (citing *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008) and *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 983 (9th Cir. 1999)).[2] The district court's interpretation of stipulations and contracts are issues of law which we review de

---

** The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

[1] We grant Hamilton's unopposed motions to take judicial notice (Dkt. Nos. 33 and 56), which seek notice of court filings in related lawsuits. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[2] Recent Ninth Circuit panels, including *Rosenbloom*, have questioned whether abuse of discretion (rather than de novo) review for dismissals of shareholder derivative suits is appropriate, but declined to take up the issue where it would not change the case's outcome. *Id.* at 1159–60; *see also Israni v. Bittman*, 473 Fed. App'x. 548, 550 n.1 (9th Cir. 2012); *Laborers Int'l Union of N. Am. v. Bailey*, 310 Fed. App'x. 128, 130 n.1 (9th Cir. 2009). Because we would reach the same conclusions under either standard, we likewise decline to address this issue.

novo. *United States v. Lawton*, 193 F.3d 1087, 1094 (9th Cir. 1999).

The district court erred when it refused to consider twenty-five paragraphs in Hamilton's complaint on the basis that the *Hatamian* Protective Order prohibited the use of such material other than in connection with the *Hatamian* litigation. Reviewing de novo, we do not see a basis for the *Hatamian* Protective Order to express a limitation on Hamilton's use of the discovery materials. By its own terms, the *Hatamian* Protective Order's restrictions apply only to a "Receiving Party," a definition for which Hamilton does not qualify because he is not a "party to this action."[3] To the extent the *Hatamian* Protective Order relates to Hamilton, the only proper way to interpret "this case" or "this litigation" is in reference to Hamilton's lawsuit. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("For the protective order to comply with common sense, a reasonable reading must connect its prohibitions to its purpose."). That being so, it was an error of law for the district court to refuse to consider the allegations in Hamilton's complaint that were based on information received in the *Hatamian* discovery materials. We thus reverse and remand for the district court to consider the motion to dismiss in light of all of the allegations in Hamilton's complaint.

---

[3] The *Hatamian* Protective Order defines "Receiving Party" as "a Party that receives Disclosure or Discovery Material from a Producing Party." In turn, a "Party" is defined as "any party to this action."

3

The district court correctly dismissed Ha's complaint for failure to plead demand futility with sufficient particularity. *See* Fed. R. Civ. P. 23.1(b)(3)(B); *Wood v. Baum*, 953 A.2d 136, 140 (Del. 2008). Ha's complaint contains almost no particularized factual allegations related to the directors' independence, and those that it does include are either irrelevant or insufficient on their own. It is true that the directors' status as non-independent on a company's proxy statement may be probative of a demand futility analysis. However, when the plaintiff fails to "specif[y] the reason for" *why* the directors "lack independence under [the applicable stock exchange] rules," "plaintiffs are [not] entitled to an inference that [such directors] lack independence for purposes of the fact-specific demand futility determination." *Sandys v. Pincus*, 152 A.3d 124, 136 (Del. 2016) (Valihura, J., dissenting).

Further, it is not sufficient merely to allege various relationships or memberships of the Defendants—such as membership on the AMD audit committee, employment at AMD, or directorships at an AMD subsidiary or joint venture—without providing an explanation as to *why* such relationships or memberships create a reasonable doubt of independence for the purposes of demand futility. *See, e.g., Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993) ("[A] court must determine whether or not the particularized factual allegations of a derivative stockholder complaint create a reasonable doubt that, as of the time the

complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."); *Wood*, 953 A.2d at 142 (holding "that membership on the Audit Committee is a sufficient basis to infer the requisite scienter . . . is contrary to well-settled Delaware law."). Accordingly, Ha has not sufficiently pleaded demand futility—even on a de novo standard of review. We therefore affirm the district court's dismissal of Ha's complaint.

The district court's dismissal of Hamilton's complaint is **REVERSED and REMANDED**. The district court's dismissal of Ha's complaint is **AFFIRMED**.